UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　CRIMINAL NO. 11-CR-20551

　　　　　　　Plaintiff,　　　　　　　HON. ROBERT H. CLELAND

　　v.

FREDERICK TILL JACKSON,
a.k.a. "Big Fred," et.al.

　　　　　　　Defendants.
_____/

## ORDER

The government having filed a motion pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for entry of a Protective Order, and the Court having considered the motion;

**IT IS HEREBY ORDERED:**

1.　　The government has provided, and will continue to provide to the defense, discovery in this matter containing personal information of third parties (personal identifying information).  This includes, but is not limited to, financial information identifiers (such as account numbers); social security numbers; insurance card numbers; driver's license numbers; birth dates; telephone numbers; and addresses. An attempt has been made to redact this information.  However, the

1

volume of discovery in this matter makes it impractical to believe all such information will have been successfully redacted. Further, the original documents available for inspection and copying cannot be effectively redacted.

2. The government has provided and will continue to provide information revealing, directly or indirectly, the identity of government informants. Other information disclosed relates to wiretap affidavits, orders, intercepts and transcripts, which includes information about persons who have not been charged with criminal offenses. Other information, including medical records, prescriptions and pharmacy records of people who have not been charged will be made available for discovery and inspection.

3. The parties understand that such information referred to in paragraphs 1 and 2 (referred to hereafter as "Protected Information") should be protected from use and disclosure beyond what is reasonably necessary for the effective defense of this matter.

4. The court enters this protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court.

5. This order pertains to all discovery provided to or made available to defense counsel as part of discovery in this matter, whether in the past or the

future. Defense counsel is ordered not to share any documents that contain Protected Information with anyone other than the defendant, defense counsel, designated defense investigators, support staff, or any other individuals necessary for assisting defense in the preparation and trial of this matter. Defense counsel may permit the defendants to view unredacted documents in the presence of his/her attorney, defense investigators, and support staff. Defense counsel, defense investigators, and support staff shall not allow the defendants to copy Protected Information contained in the discovery.

6. The discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense counsel will return the electronic discovery to the Government at the conclusion of this case and permanently delete any copies from their computer systems. If any defense counsel, defense investigator, or support staff has produced hard copies of the discovery, the hard copies shall be shredded. Within 90 days following the conclusion of the litigation in this matter, defense counsel shall certify in writing to counsel for the United States that all of the discovery documents have been returned, destroyed and/or shredded.

7. In the event the defense seeks utilization of the discovery material in any

court filing, at trial or in another hearing in this matter, any Protected Information must be redacted from the discovery prior to its use. Any filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the Eastern District of Michigan.

      8.   Defense counsel shall be responsible for advising his or her respective defendant, employees, and other members of the defense team of the contents of this Motion and Protective Order. Any unauthorized disclosure may constitute a violation of this Court's order.

      9.   In the event that the defendant substitutes counsel, new defense counsel will be bound by this order.

       s/Robert H. Cleland
HON. ROBERT H. CLELAND
United States District Judge

ENTERED: November 13, 2013