UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

D-15  DEEPAK KUMAR,

          Defendant.
_____/

Criminal No. 2:11-cr-20551

Honorable Robert H. Cleland

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan, and JULIE A. BECK, Assistant United States Attorney, together with Defendant DEEPAK KUMAR ("Defendant"), individually and by and through his attorney, BRIAN M. LEGGHIO, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

1. A Second Superseding Indictment was filed on or around March 20, 2013, charging Defendant DEEPAK KUMAR with numerous violations of law, including violations of 21 U.S.C. §§ 841(a)(1), 846 (Count One, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances) and 18 U.S.C. §§ 1347, 1349 (Count Two, Health Care Fraud Conspiracy).

2. The Second Superseding Indictment sought criminal forfeiture of all property involved in Defendant's violations, pursuant to 21 U.S.C. § 853, 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C) together with 28 U.S.C. § 2461(c).

3. WHEREAS, on or about May 12, 2015, Defendant pled guilty to Count Two of the Second Superseding Indictment, Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §§ 1347, 1349. As part of the Rule 11 Plea Agreement, Defendant agreed, pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C) together with 28 U.S.C. § 2461(c), to forfeit any interest he may have in any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of violations of Title 18, United States Code, Sections 1347 and 1349.

4. WHEREAS, the parties now memorialize their agreement regarding forfeiture of assets seized from Defendant as follows. The government shall **FORFEIT**:

- Sixteen Thousand Nine Hundred Six Dollars and Fifty Six Cents ($16,906.56) in U.S. Currency from Bank of America Account No. 375005556938;

- Ten Thousand Eight Hundred Eighty Five Dollars and Forty Cents ($10,885.40) in U.S. Currency from Credit Union One Account No. 000004237077S38; and

- Five Thousand Nine Hundred Sixty One Dollars and Fifty Five Cents ($5,961.55) from Bank of America Account No. 5403094591;

as proceeds, or property traceable thereto, of his violations of 18 U.S.C. §§ 1347, 1349 (hereinafter referred to as the "Subject Property").

4. Defendant specifically acknowledges that the Subject Property was proceeds of, or traceable to, his criminal conviction in violation of 18 U.S.C. §§ 1347, 1349 and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C) together with 28 U.S.C. § 2461(c).

5. The Parties stipulate and agree that the following shall be **RETURNED** to Defendant:

- Seventy Eight Thousand Six Hundred Seventy Dollars and Ninety Cents ($78,670.90) in U.S. Currency from Citizens Bank Account No. 4534939841; and

- Twenty Two Thousand Eight Hundred Thirty Dollars ($22,830) in U.S. Currency from Huntington National Bank Safe Deposit Box No. 63;

based on a sufficient showing that the $78,670.90 was proceeds of a legal settlement, and the $22,830.00 seized from a safe deposit box Defendant held with his mother was property owned by his mother and not by him.

6. The United States agrees to release these two amounts to Defendant, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect from either Claimant, including but not limited to, any debts that the United States may collect through the Treasury Offset

Program (the "Returnable Amount"). Following entry of this Stipulation by the Court, and Defendant's attorney has supplied the United States with both Defendant's and his mother's social security numbers and the Automated Clearing House ("ACH") information for electronic deposit of the Returnable Amount, the USMS, or its delegate, shall disburse the Returnable Amount to Defendant and his mother through the Electronic Payment System ("EPS") by electronic deposit into Defendant's attorney's IOLTA account.

7. The government further acknowledges that it has placed an Affidavit Relating to Matter Affecting Title to Realty ("Affidavit"), pursuant to MCL 565.451a, against the real property described as 6104 Academy Drive, Washington, Michigan ("Academy Drive property"). Due to a lack of equity, the United States will not pursue the Academy Drive property for forfeiture and will withdraw its Affidavit.

Neither will the United States pursue this real property in any affirmative lawsuit for satisfaction of restitution, except that the United States will place its restitution liens in each County where Defendant may have any assets as it does in every case with a restitution judgment. If the Academy Drive property is sold, the United States will claim Defendant's share in any equity to which he is entitled, if any, based on its restitution lien filed with the County.

8. WHEREAS, in the Rule 11 Plea Agreement Defendant expressly waived

his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2 of the Federal Rules of Criminal Procedure.

9. WHEREAS, in the Rule 11 Plea Agreement Defendant knowingly, voluntarily, and intelligently waived any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

10. WHEREAS, in the Rule 11 Plea Agreement Defendant acknowledged that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the Court to advise him of this at the time that his guilty plea was accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

11. WHEREAS, in the Rule 11 Plea Agreement Defendant waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment.

12. WHEREAS, Defendant hereby agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture, agrees that it is final as to him upon entry, and agrees that any and all interest he has in the Subject Property shall be forfeited to the United States for disposition according to law.

13. NOW THEREFORE, based upon the Second Superseding Indictment, the Rule 11 Plea Agreement, Defendant's conviction, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C) together with 28 U.S.C. § 2461(c), IT IS HEREBY ORDERED that the Subject Property IS FORFEITED to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns, have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

14. IT IS FURTHER ORDERED that upon entry of this Stipulated Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order. Pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2(b)(6) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish on www.forfeiture.gov notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. Said notice shall direct that any person,

other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.   The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any claimed Subject Property.   Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

15.    IT IS FURTHER ORDERED that the United States is hereby authorized, pursuant to Federal Rule of Criminal Procedure 32.2(c), to conduct discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

16.    IT IS FURTHER ORDERED THAT pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the

Judgment. If: (1) no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), or (2) any third party petitions are disposed of or adjudicated in favor of the United States, then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

17. IT IS FURTHER ORDERED THAT after this order becomes the Final Order of Forfeiture; the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

18. IT IS FURTHER ORDERED THAT the Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:


BARBARA L. McQUADE
United States Attorney

| | |
|---|---|
| s\Julie A. Beck | s\Brian M. Legghio |
| JULIE A. BECK | BRIAN M. LEGGHIO, Esq. |
| Assistant U.S. Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 134 Market Street |
| Detroit, MI 48226 | Mount Clemens, MI 48043 |
| (313) 226-9717 | (586) 493-7000 |
| Julie.beck@usdoj.gov | blegghio@legghiolaw.com |
| P-53291 | P-29658 |
| Dated: November 6, 2015 | Dated: November 5, 2015 |

s\Deepak Kumar, please see attached page
DEEPAK KUMAR, Defendant

Dated: November 5, 2015


*************************************************************************

**IT IS SO ORDERED.**

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 12, 2015, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

_____
JULIE A. BECK
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
Julie.beck@usdoj.gov
P-53291

Dated:

_____
BRIAN M. LEGGHIO, Esq.
Attorney for Defendant
134 Market Street
Mount Clemens, MI 48043
(586) 493-7000
blegghio@legghiolaw.com
P-29658

Dated: 5 November 2015

_____
DEEPAK KUMAR, Defendant

Dated: 11-05-2015

*********************************************************************

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE ROBERT H. CLELAND
United States District Judge

9